Kelsey, you may proceed. Thank you, your honor. Good morning, Sandra Lopez, on behalf of Mr. Santana. The revocation of Mr. Santana's supervised release should be vacated. The Fifth Amendment and the Federal Rules of Criminal Procedure guaranteed Mr. Santana a reasonably prompt hearing before the magistrate and a revocation hearing within a reasonable time. The government did not exercise reasonable diligence to give Mr. Santana these prompt hearings. Instead, the government inexcusably waited at a minimum 121 days to bring Mr. Santana from Los Angeles custody to San Diego. Now, counsel, the sentence was eight months, is that correct? That's correct. Did the court give credit for this prior time? The court did give credit. So he had a remaining four months. Well, then I've got to ask you the question, where's the prejudice? Well, your honor, it is Mr. Santana's position that he qualifies under all of the prejudice factors set forth in Baker, which is an oppressive sentence, anxiety of not knowing what was happening in his case. But most recently, yesterday, this court held in Mendoza that no prejudice, actual prejudice, needs to be shown in cases where the government was negligent in actually bringing the defendant to the proceedings. And that's exactly the case here. But his total incarceration time did not exceed the sentence. That's correct, your honor, but it was half of the sentence. It was half of the sentence, not knowing what was happening. But the logic of your argument is that maybe he should have gotten eight months in addition to the 121 days and then, in effect, file some sort of a civil action against the government for the delay. Where are we going with this? I'm kind of lost, I'm sorry. I understand, your honor. I understand, your honor, but what Mr. Santana's position is, is that the federal rules actually require a prompt hearing before the magistrate. The rules are there for a reason. You can't take somebody into custody, detain them for four months. Why shouldn't the government be allowed to say, okay, we were slow, but we will give you full credit? Doesn't that wipe it out? Well, actually, your honor, yesterday in Mendoza, the court addressed that very issue. Except in Mendoza, wasn't the delay eight years and not four months? Right. Well, doesn't that make some difference to the analysis? Well, in Baker, the court looks at several issues in determining what the unreasonable length of time is. And I understand four months is considerably different from eight and a half years, but we look at the complexity of the case and the reasons why there was this delay. But when you're looking at the, I mean, you're asking us to look at Mendoza in terms of how much prejudice the defendant suffered. And you're saying, look at that four months, that's really bad, and so it's equal to Mendoza. But I guess if you're looking just at prejudice, it's hard to see why we should automatically apply a case that involved, you know, many more years versus just a few months. I think interesting, though, in Mendoza, it was actually four months from the time that the defendant entered the United States, because Mendoza had left to the Philippines, hadn't returned to the United States. For eight years. He returned, I believe, in June of 2004. Four months later, he was arrested. And that's one of the things that the court addressed in their opinion yesterday was, look, even when he reentered, the government did nothing. And that's the case here. And I think we also need to look at the fact that this is a supervised release revocation, where those four months the government could have exercised some diligence, could have looked at where Mr. Santana was. They did nothing. At no point did the government indicate why it took 121 days to bring Mr. Santana from Los Angeles to San Diego. At no point did the government provide evidence of due diligence to bring Mr. Santana to his proceedings. And at no point did the government provide any evidence that showed that Mr. Santana was the reason for the delay. The government provided no reason. This is half of his sentence in custody in Los Angeles, not knowing what was happening in his case. And I understand, again, that there is a difference in the time of the length, Does it make any difference here that your client didn't actually complain about the delay early on? Basically, after the delay had happened, he said, I'd like a dismissal. In other words, it was too late to have done anything about it? Well, Mr. Santana did assert his right within a month of actually appearing before the magistrate, within a month of obtaining an attorney and the attorney investigating the issue. I think that the one-month delay in asserting that right was reasonable in comparison to the four-month delay of the government of simply just bringing him to the San Diego district. And again, I Now, this is in the context of an appeal of the revocation for supervised release. This is not a damages kind of thing. That's correct, Your Honor. All right. Anything further at the moment? That's it, Your Honor. You may reserve the remaining of your time. Thank you, Your Honor. We'll hear from the government. Good morning. May it please the Court. Randy Jones on behalf of the United States. Jones. Your Honors, first of all, the government believes that it wasn't four months that the delay was. It was really 95 days. If you look at it from the time that the arrest warrant was executed, which was on October Three months instead of four months. Correct. Okay. All right. And so basically, even if we're saying that that three months is not unreasonable, however, if the court finds that it is, it was unreasonable, I think your questioning supports our argument that there was no prejudice. The defendant has not indicated what type of prejudice he suffered as a result of this delay. Anxiety. Still, that's generalities. And he didn't say that until this brief. But it wasn't related to the district court. At no time during the three months that he was awaiting transfer down to San Diego was there anything from him. Saying that he was anxious about what was going to happen on the supervised release. He never made any demand for a more speedy transfer to San Diego. So even if you find that the delay in some way was a little bit longer than it should have been, we believe that he's not been prejudiced by this. You're correct that he got eight months sentence on this supervised release violation. Judge Jones gave him credit for the time that he spent awaiting transfer to San Diego. So if you look at the totality of the circumstances in this case, all we can say is that, unfortunately, he didn't get down sooner, but the time prompt hearing is not defined. I mean, there's no definitive time frame that the government is required to bring someone before the magistrate. All it is is that it has to be a reasonable time. There have been cases in this circuit that said that a year is within a reasonable time frame. So we believe that three months or four months is more than reasonable in this case. Do you want to say anything about the Mendoza case? No, I didn't get a chance to get the 28-J letter. I was on the road, and apparently it was not faxed to me in time, so I don't have anything to say about that. But from the questioning, it appears that that was an eight-year delay. And again, three months or four months is not unreasonable in light of that. So unless there are any questions, we will submit. No further questions. Thank you. Ms. Lopez, you still have some reserve time. Thank you, Your Honor. Just briefly, I believe the more appropriate time would be the 121 days rather than the 95 days. He was in Los Angeles custody, and the only reason he was in custody was for this violation of supervised release, and there was no other reason. The government provided no reason, again, for this delay. It seems unexcusable that the government can just keep somebody detained for that length of time without giving any reason for the delay. They didn't indicate that they were trying to look for them, but they couldn't find them. They didn't indicate that there was a lack of U.S. Marshals. No reasons whatsoever were given other than it just happened. I think we understand your argument, Counsel. Thank you. I'd also like to note, Your Honor, just quickly, I understand that there is no specific bright-line rule as to when it is considered to be an unreasonable length. But again, we should look at the reasons for the delay in determining the reasonable length. Thank you, Counsel. The case just argued will be submitted for decision, and we will hear next the case of United States v. Contreras-Grillo.
judges: O'scannlain, Graber, Gibson